THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANN WEBSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:11-cv-53 (CAR) |
| SOUTHERN FAMILY MARKETS OF | : | |
| MILLEGEVILLE NORTH, LLC d/b/a | : | |
| PIGGLY WIGGLY; and BETTY DIXON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION TO REMAND

This case is currently before the Court on Plaintiff's Motion to Remand [Doc. 4] wherein Plaintiff moves to remand this case to the State Court of Baldwin County, where it was originally filed. Defendants removed the case to federal court, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Although Plaintiff and Defendant Betty Dixon are both residents of Georgia, Defendants contend that Dixon was fraudulently joined for the purpose of evading federal jurisdiction. Upon review of the arguments of the parties and relevant authorities, the Court finds Plaintiff has fraudulently joined Defendant Betty Dixon. Accordingly, Plaintiff's Motion to Remand [Doc. 4] is **DENIED**, and Defendant Betty Dixon is hereby **DISMISSED** as a party to this action.

### BACKGROUND

The present case is a premises liability action arising under the laws of Georgia. Plaintiff alleges that on January 24, 2010, she slipped and fell as she walked through the Piggly Wiggly grocery store located at 1301 North Columbus Street in Milledgeville, Georgia. Plaintiff originally brought the action in the State Court of Baldwin County against both Piggly Wiggly and Betty

1

Dixon. Plaintiff alleges that Dixon was the manager of the store at the time of her injuries and is liable for active negligence and misfeasance. After review of the Complaint, Piggly Wiggly filed a timely Answer and Notice of Removal of the action to this Court based on diversity of citizenship jurisdiction.

Thereafter, Plaintiff filed the present Motion seeking remand to state court, arguing this Court lacks diversity jurisdiction because both Plaintiff and Defendant Dixon are citizens of Georgia. Piggly Wiggly, however, argues in its Response that Dixon was fraudulently joined, and therefore the case was properly removed. Attached to Piggly Wiggly's Response is the Affidavit of Betty Dixon [Doc. 13, Ex. 1] wherein she avers that she was not the store manager at the location referenced in the Complaint. In fact, Dixon was the store manager of another Piggly Wiggly located at 731 South Wayne Street in Milledgeville and had been the store manager there since 2008.

## DISCUSSION

On the face of Plaintiff's Complaint, there is no federal subject matter jurisdiction because the parties are not completely diverse. Federal courts have subject matter jurisdiction over state law claims only where the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For removal to be proper, complete diversity of citizenship must exist, meaning that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In this case, Plaintiff is a citizen of Georgia, Defendant Piggly Wiggly is a citizen of Delaware, and Defendant Dixon is a citizen of Georgia. Where Plaintiff and one of the Defendants are both from Georgia, there is not complete diversity.

Defendants contend, however, that Dixon was fraudulently joined in order to defeat complete diversity of the parties. "Fraudulent joinder is a judicially created doctrine that provides an

exception to the requirement of complete diversity." Triggs, 154 F.3d at 1287. To prove fraudulent joinder, Defendants must show that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks omitted). If Piggly Wiggly establishes fraudulent joinder by clear and convincing evidence, the Court must dismiss Dixon from the action and deny Plaintiff's Motion to Remand. Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007); Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (clear and convincing standard).

The Court must evaluate all factual allegations and controlling law in the light most favorable to Plaintiff. Crowe, 113 F.3d at 1538. For purposes of determining fraudulent joinder, the Court may consider not only the pleadings at the time of removal but also affidavits and deposition transcripts submitted by either party. Id.; see also Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005) ("[A]s in our other cases addressing fraudulent joinder, we found it entirely proper for the district court to consider affidavits submitted by the defendants . . . [,] and we [took] them into account in deciding the limited question of whether a possibility exists.") (internal quotation marks and citation omitted)).

Here, there is no possibility Plaintiff can establish a cause of action against Dixon. Plaintiff cannot hold Dixon liable for alleged acts of negligence that occurred on premises where Dixon was not employed. Dixon clearly owed no duty of care towards Plaintiff. See, e.g., Poll v. Deli Mgmt., Inc., No. 1:07-CV-0959-RWS, 2007 WL 2460769, *6 (N.D. Ga., Aug. 24, 2007) (holding that an agent of employer is "exonerated [of liability] if he is not a party to the tort"). Thus, Plaintiff cannot establish the essential element that Dixon owed Plaintiff any duty at the time of the accident. See

McKenna Long & Aldridge, LLP v. Keller, 267 Ga. App. 171, 173 (2004) (holding that a duty must be shown before plaintiff may recover in a negligence suit) (citation omitted).

Plaintiff offers no evidence to contradict Dixon's affidavit. "When the Defendant's affidavit[] [is] undisputed by the Plaintiff[], the court cannot then resolve the facts in the Plaintiff's favor based solely on the unsupported allegations in the Plaintiff's complaint." Legg, 428 F.3d at 1323.

## CONCLUSION

As set forth above, Piggly Wiggly has satisfied its burden for establishing fraudulent joinder. Thus, Plaintiff's Motion to Remand [Doc. 4] is **DENIED**, and Defendant Dixon must be **DISMISSED** as a party to this suit, thereby giving the Court proper jurisdiction over this action.

It is SO ORDERED this 6th day of May, 2011.

                                                     S/ C. Ashley Royal
                                                    C. ASHLEY ROYAL, JUDGE
                                                    UNITED STATES DISTRICT COURT

SSH