UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANN WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No. 5:11-CV-00053 |
| | ) | |
| | ) | |
| SOUTHERN FAMILY MARKETS | ) | |
| of MILLEDGEVILLE NORTH LLC | ) | |
| d/b/a/ PIGGLY WIGGLY | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

In this slip and fall case, Defendant Southern Family Markets of Milledgeville North LLC d/b/a Piggly Wiggly moves for summary judgment against Plaintiff Ann Webster [Doc. 20]. While shopping, Plaintiff slipped on an alleged oily substance on the store's floor and brought this negligence action seeking to recover for her resulting injuries. Defendant filed the current Motion contending it is entitled to summary judgment because no genuine issue of material fact exists as to Defendant's knowledge of the alleged hazard. Having considered the Motion and Plaintiff's response thereto, and for the reasons discussed below, the Court agrees with Defendant. Thus, Defendant's Motion [Doc. 20] is **GRANTED**.

### SUMMARY JUDGMENT STANDARD

1

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. See id. at 249-52.

In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323.

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323.

## FACTUAL BACKGROUND

The facts, as viewed in the light most favorable to Plaintiff, are as follows:

On the morning of Sunday, January 24, 2010, Plaintiff Ann Webster stopped at Defendant's store on her way to church to buy some hot dog buns for a church fundraiser. Upon entering the store, Plaintiff walked past the deli/bakery section and saw the hotdog buns across the center aisle, approximately 12 feet wide, on a wall to her right. She turned to her right and walked between two freestanding merchandise displays in the center of the aisle between the store's pre-packaged meat case and the deli/bakery, in the bread section. While between the two merchandise displays, Plaintiff slipped and fell in an oily substance on the floor.[1]

---

[1] Defendant disputes the existence of any oily substance on the floor. However, Defendant assumes, for

3

Plaintiff states she saw nothing on the floor before she slipped and fell. She testified that the store was well-lit, and she did not have any difficulty observing her surroundings. She knows it was an oily substance because after she fell, she kept slipping in the substance and could not get up off of the floor. She does not know the size or color of the substance. However, she states the substance left dark stains on the right leg of her tan pant suit, and therefore it must have been dark in color. Neither employee who responded to the fall saw any substance on the floor or Plaintiff's clothes.

After falling, Plaintiff states she kept screaming for help, but nobody came. Finally, a customer in the store walked in the area. Plaintiff states the customer "was the first person that came around the corner, and I waived, please help me, help me, because I had been calling [and] nobody came." (Pl. Depo., p. 83). After observing Plaintiff on the floor, the customer went to get help.

The customer went to the deli/bakery counter to find help for Plaintiff. At that time, only one employee was working in the deli/bakery department. The employee testified that she was cooking in back, in the kitchen, where it was very noisy. After some time,[2] the employee finally heard the customer yelling for her, and the customer

---

purposes of this Motion only, Plaintiff's version of the facts that there was, in fact, an oily substance on the floor.

[2] The employee states it may have taken 10 – 15 minutes for the customer to get her attention due to the noise in the kitchen. (Kelsey Depo., p. 29).

4

informed her that Plaintiff had fallen. After learning of Plaintiff's fall, the employee stated it took her three to four minutes to reach Plaintiff because she had to stop what she was doing.

According to the store manager on duty at that time, the deli employee was approximately 20 feet from the spot where Plaintiff fell, and her view of the fall was blocked by the wall that protrudes from the entrance to the deli/bakery. Plaintiff does not dispute that the deli employee's view of the area where Plaintiff fell was obstructed. Approximately five feet from the area where Plaintiff fell, there is an employee entrance and exit into the deli/bakery section of the store that is used by deli/bakery associates going back and forth to the coolers or freezers. The deli employee testified generally that employees frequently walk through the deli department, "about 15 minutes, maybe five minutes. I really don't time them, so I don't know." (Kelsey Depo., pp. 24-25). She did not state that any employees walked through that area on the date and time frame of Plaintiff's fall.

Upon reaching Plaintiff, the deli employee talked with her and then used the store's intercom system to call the manager on duty. Immediately upon learning of the incident, the manager came to the site of the fall. He observed Plaintiff "lying on the ground in between two display pieces in the center aisle between [the] meat case and the deli/bakery, the bread section of [the deli/bakery]." (Jones Depo., p. 14). He later

documented the fall on an incident report.[3]

Defendant had an inspection procedure in place at the time of the incident. Every hour, the manager on duty is responsible for walking the store to inspect it for any loose products, any products on the floor, and any kind of consumption or theft. The hourly inspections are not documented; only the "opening procedures" (inspection upon opening the store) and "closing procedures" (inspection upon closing the store) are logged. (Jones Depo., p. 25). Moreover, the employees are instructed to keep a constant outlook for any hazards in the store and remove them.

The manager on duty at the time of Plaintiff's fall stated that he inspected the area where Plaintiff fell at 10:00 a.m. (Id. at p. 27). He observed nothing on the floor at that time. Plaintiff states that she fell around "10:20, 10:15, 10:20" that Sunday morning. (Pl. Depo., p. 59). Mr. Jones states that he was informed of the fall at 10:45 a.m. and documented the fall on the incident report at that time. (Jones Depo., p. 27).

At the time of Plaintiff's fall on that mid-Sunday morning, few customers were in the store. The store was well-lit, and only 10 – 15 employees were on duty. The deli employee, who had worked in the deli/bakery department for eleven years, testified she had never known of a fall in that area.

Plaintiff filed the present action claiming that she slipped and fell on the oily substance as a result of Piggly Wiggly's negligence in failing to discover and remove the

---

[3] The incident report itself was not filed and is not part of the record.

hazardous condition.  Defendant filed the current Motion arguing that, even assuming all facts in the light most favorable to Plaintiff, the Court must grant judgment in favor of Piggly Wiggly because no evidence exists it had actual or constructive knowledge of the alleged hazard.

## DISCUSSION

Georgia personal injury law is well-settled that "[o]wners of land are liable to invitees for injuries caused by the owner's failure to exercise ordinary care in keeping the premises and approaches safe."  Hamilton v. Kentucky Fried Chicken of Valdosta, Inc., 545 S.E.2d 375, 376 (Ga. App. 2001) (citing O.C.G.A. § 51-3-1).  "In routine cases of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and summary judgment is granted only when the evidence is plain, palpable, and undisputed."  Food Lion, LLC v. Walker, 290 Ga. App. 574, 577-78 (2008) (citing Robinson v. Kroger Co., 268 Ga. A 735, 746 (1997)).  However, proof of a fall on one's premises, without more, does not give rise to liability.  Christensen v. Overseas Partners Capital, Inc., 549 S.E.2d 784, 785 (Ga. App. 2001).  There must be some fault on the part of the premises owner.  See Tanner v. Larango, 232 Ga. App. 599, 599, 502 S.E.2d 516 (1998).

In order for a plaintiff to recover for injuries sustained in a slip-and-fall action, she must prove "(1) that the defendant had actual or constructive knowledge of the

hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier." Robinson, 268 Ga. at 748.  Under Georgia law, a defendant moving for summary judgment "need no longer affirmatively disprove the nonmoving party's case; instead the burden on the moving party may be discharged by pointing out by reference to the record that there is an absence of evidence to support the nonmoving party's case." Id. at 747.  Where a defendant points to an absence of evidence regarding its knowledge of the hazard, the "plaintiff must present evidence that the defendant had superior actual or constructive knowledge of the hazard, or else suffer summary judgment." Hardee's Food Sys., Inc. v. Green, 232 Ga. App. 864, 865 (1998) (citations omitted).

Because Plaintiff concedes the record contains no evidence establishing Piggly Wiggly had actual knowledge of the hazard, this Motion presents one issue for the Court's determination: Whether genuine issues of material fact exist to establish Piggly Wiggly had constructive knowledge of the hazard.  Even assuming all facts in the light most favorable to Plaintiff, the Court finds no issues of fact exist.  Defendant had no constructive knowledge of the hazard and is therefore entitled to judgment as a matter of law.

Constructive knowledge can be established in one of two ways: "(1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for

8

such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises." Id. at 866 (citing Alterman Foods v. Ligon, 246 Ga. 762, 622 (1980)).

Here, Plaintiff first seeks to impute knowledge under the first prong, arguing that any employees travelling through the area where Plaintiff fell should have noticed and removed the hazard. To impute knowledge under this theory, Plaintiff has the burden to establish first, that an employee was working in the immediate area of the hazard and second, that the employee must have been in a position to have easily seen the substance and removed it. Brown v. Host/Taco Joint Venture, 305 Ga. App. 248, 250 (2010) (citation omitted).

Plaintiff fails to carry her burden. Plaintiff argues that the deli employee's testimony that, in general, employees frequently travel through the deli department, together with the employees' duty to keep a constant look-out for any hazards and the location of the deli entrance and exit only five feet from where Plaintiff fell, establish a jury question as to whether any employees walked through the area and were in the immediate vicinity of Plaintiff's fall. The Court disagrees. This argument is based on pure speculation and conjecture. Absolutely no evidence exists that an employee actually walked through the area where Plaintiff fell during the time the hazard was allegedly on the floor. Plaintiff cannot create an issue of fact as to Piggly Wiggly's

9

knowledge through such conjecture.  See Kmart Corp. v. McCollum, 290 Ga. App. 551, 554 (2008) (conjecture not sufficient to raise issue of fact); Wentworth v. Eckerd Corp., 248 Ga. App. 94, 95 (2001) (inference cannot be based upon evidence too uncertain or speculative or which raises merely a conjecture or possibility).

Indeed, the evidence actually supports an inference that no employees walked through that area.  The evidence shows that only 10 - 15 employees were on duty at that time.  After her fall, when Plaintiff called for help, no one, not an employee or a customer, responded to her calls for some time.  Plaintiff saw no employees travelling through the area, and the first person to enter the area was a customer, not an employee. Moreover, the customer who finally saw Plaintiff on the floor went to deli department and had to yell for the deli employee's attention in order to report the fall.

Even assuming the facts in the light most favorable to Plaintiff -- that the oily substance existed, that it was dark in color, and that it was of such a size that any employee walking through the area should have seen and removed it – the Court finds that no reasonable jury could infer Piggly Wiggly's knowledge of the hazard on a mere possibility that an unidentified employee walked through the area. Indeed, the plain, palpable, and undisputed evidence shows that only one employee, the deli employee, was in the vicinity of Plaintiff's fall; however, it is undisputed that her view of the area was obstructed.  Because Plaintiff fails to show a genuine factual dispute as to whether any employee (other than the deli employee whose view was obstructed) was in the

10

immediate vicinity of where Plaintiff fell, she cannot establish constructive knowledge under this first method. See Higgins v. Food Lion, 254 Ga. App. 221, 222 (2002).

Plaintiff also seeks to impute knowledge under the second method of demonstrating constructive knowledge. She argues that the oily substance remained on the floor for a sufficient length of time that, if Piggly Wiggly had exercised reasonable care in inspecting the premises, the substance would have been discovered and removed. In order to prevail on summary judgment under this method, Piggly Wiggly has the burden to demonstrate first, that it had a reasonable inspection program in place and second, that such program was actually carried out at the time of the incident. Davis v. Bruno's Supermarkets, Inc., 263 Ga. App. 147, 148 (2003) (quoting Shepard v. Winn Dixie Stores, 241 Ga. App. 746, 748 (1999)).

Generally, the jury determines whether a store's inspection procedure is reasonable. See, e.g., Shepard, 241 Ga. App. at 748-49. However, "regardless of any inspection program, when an owner has shown that an inspection of the area occurred within a brief period prior to an invitee's fall, the inspection procedure [is] adequate as a matter of law and defeats an invitee's negligence action." Mucyo v. Publix Super Markets, Inc., 301 Ga. App. 599, 601 (2009) (citing Medders v. Kroger Co., 257 Ga. App. 876, 878 (2002)). Georgia courts have not specifically defined this "brief period" of time but have held it to include inspections conducted up to 20 minutes before Plaintiff's fall. See, e.g., Wallace v. Wal-Mart Stores, Inc., 272 Ga. App. 343, 345 (2005) (inspection

11

procedure adequate as matter of law when inspection of area finding no hazard occurred 15-20 minutes prior to fall); Super Discount Markets v. Clark, 213 Ga. App. 132, 133-34 (1994) (inspection procedure adequate as matter of law when no hazard found 15-20 minutes prior to incident); compare Shepard, 241 Ga. App. 746, 748 (1999) (jury question as to whether 30 minute inspection period reasonable when store fills table with crushed ice and produce knowing customers will remove the produce and likely cause ice to spill on floor); accord Jones v. Krystal Co., 231 Ga. App. 102, 105-06 (1998) (jury question as to whether 20 minute inspection before fall was reasonable due to known hazards in area).

In determining whether the inspection is adequate as a matter of law, the Court must take into account the circumstances of each case. "[W]hat constitutes a reasonable frequency of inspection [] will vary with the circumstances of each case (the nature of the business, size of the store, the number of customers, the nature of the dangerous condition and the store's location)." J.H. Harvey Co. v. Reddick, 240 Ga. App. 466, 471 (1999) (internal quotation marks omitted).

Under the circumstances of this case, the Court finds the inspection to be reasonable as a matter of law. The manager testified that Piggly Wiggly has an inspection procedure whereby the manager on duty makes hourly inspections of the entire store, checking for any substances on the floor, loose products, or any kind of theft or consumption. (Jones Depo., p. 22-23.) On the particular date of this incident,

12

the manager carried out the inspection procedure, and at 10:00 a.m. he inspected the area where Plaintiff fell and saw nothing on the floor. (Id. at 26-27, 32). Plaintiff herself states that she fell 15 – 20 minutes later, "around 10:15, 10:20, 10:15." (Pl. Depo., p. 59).

Contrary to Plaintiff's argument, the fact that the manager documented the fall on the incident report at 10:45 a.m. does not create a conflict as to when Plaintiff fell. The manager testified that he was "informed" of the fall at 10:45, not that the fall *occurred* at 10:45. (Jones Depo., p. 27). Plaintiff herself unequivocally states that the fall occurred at "10:20, 10:15, 10:20." (Pl. Depo., p. 59). Indeed, that the fall occurred at 10:20 and was not documented until some 25 minutes later at 10:45 is supported by evidence in the record. Plaintiff's testimony that after the fall she had been "screaming for somebody to come and help me [but] nobody did," establishes that she remained on the floor for some time before the customer arrived to get help. (Id., p. 82, see also p. 83). Moreover, the deli employee testified that it took an additional amount of time for the customer to get her attention and report the fall and then another three to four minutes for the employee to reach Plaintiff. (Kelsey Depo., pp. 12 & 29). The employee then talked to Plaintiff and reported the fall to the manager. Only after all of this time passed, did the manager arrive and document the fall on the incident report. Plaintiff's testimony that she fell at 10:15 to 10:20 is uncontroverted.

Thus, the uncontroverted evidence establishes that the hazard was not in existence 15 to 20 minutes prior to Plaintiff's fall when the store manager stated he

inspected the area and found no hazard.  Furthermore, the evidence shows that at the time Plaintiff fell, the store had few customers, and in the eleven years the deli employee had worked in that section, she had no knowledge of any fall occurring in that area.  Moreover, the record in this case contains absolutely no evidence that any known hazards or unusually dangerous conditions existed in or around the area creating an issue of fact as to whether the store had a duty to inspect that area with greater frequency.  See Food Lion v. Walker, 290 Ga. App. 574 (2008) (jury issue whether inspection 15-20 minutes before fall where store knew fresh chicken leg quarters on sale and would drop blood and water on floor); Burnett v. Ingles Markets, 236 Ga. App. 865, 867 (1999) (jury question on reasonableness of inspection where store had knowledge children throwing grapes); Shepard, 241 Ga. App. at 748 (jury question where store had knowledge customers would remove produce and likely cause ice to spill on floor); Jones, 231 Ga. App. at 105-06 (jury question where fast food restaurant knew of hazards in area); compare Wallace v. Wal-Mart Stores, 272 Ga. App. 343, 346-47 (2005) (inspection reasonable as matter of law where no evidence store had knowledge of particular risk grapes might be on floor).

An owner is not required to constantly check his property unless there are facts which would show that the property is particularly dangerous. Walker, 290 Ga. App. at 574.  No such facts exist in this case.  No reasonable jury could find an inspection of an area containing no known hazards or unusual conditions, occurring at most 20 minutes

14

before a fall, to be unreasonable.  Thus, Defendant cannot be imputed with knowledge of the hazard under this theory.  Because Plaintiff fails to establish issues of material fact under either prong of the constructive knowledge test, Piggly Wiggly is entitled to judgment as a matter of law.  See, e.g., Host/Taco Joint Venture, 305 Ga. App. 248 (summary judgment upheld where no evidence defendant had knowledge of hazard).

## CONCLUSION

As explained above, the Court finds Defendant had no knowledge of the alleged hazard, and therefore its Motion for Summary Judgment [Doc. 20] is hereby **GRANTED**.

SO ORDERED this 9th day of February, 2012.

        S/  C. Ashley Royal
        C. ASHLEY ROYAL
        United States District Judge

SSH/jlr